**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CIPHERBLADE, LLC, a Pennsylvania Limited Liability Corporation, | **Case No. 1:23-CV-05671-AKH** |

PLAINTIFF,

v.

CIPHERBLADE, LLC, an Alaska Limited Liability Corporation, MANUEL KRIZ, MICHAEL KRAUSE, JORN HENRIK BERNHARD JANSSEN, SERGIO GARCIA, JUSTIN MAILE, IOANA VIDRASAN,

and

CIPHERBLADE APAC PTE LTD, a Singapore limited company, JUSSI AITTOLA,

and

OMEGA3ZONE GLOBAL LTD, a Cyprus limited company, PAUL MARNITZ,
and

INQUISITA SOLUTIONS LTD., a Cyprus limited company,

and

GREEN STONE BUSINESS ADVISORY FZ LLC, a United Arab Emirates Limited Liability Corporation.

DEFENDANTS.

## [PROPOSED] ORDER TO SHOW CAUSE
## FOR TEMPORARY RESTRAINING ORDER

This matter having been opened to the Court by Plaintiffs; and

The Court having reviewed and considered the Amended Complaint, the Brief submitted

by Plaintiff in support of the within application, the declarations submitted in support thereof, and

exhibits annexed thereto; and

It appearing that Plaintiff has presented a sufficient showing to support the within application, including demonstrating that irreparable harm and injury has been suffered and to prevent any further irreparable injury resulting to Plaintiff and the general public if the restraints requested herein are not issued prior to the return date of the Order to Show Cause; and

It further appearing that the matter presented herein is of a sufficiently emergent nature to justify the entry of the within Order and that this application is properly addressed by Order to Show Cause rather than by motion; and

Based upon the findings of fact and conclusions of law as reflected or otherwise set forth in the record herein and for good cause having been shown;

**IT IS ORDERED** as follows:

1.     Plaintiff has demonstrated a strong likelihood that Defendants (i) converted Plaintiff's property, its domain and the information technology infrastructure associated with such domain, (ii) misappropriated proprietary information contained in such systems  that consist of Plaintiff's trade secrets and confidential information, including, as examples, proprietary information concerning prior and current customer engagements, new customer and new matter leads, the status of investigations, reports and associated billing, such as the data on the Lawmatics and Freshdesk customer relationship management software platforms used by Plaintiff,  and (iii) engaged in unfair competition through making false statements in advertising, including on Plaintiff's misappropriated website, by falsely attributing in advertising to customers and the marketplace the experience, expertise and investigative tools of Plaintiff to Defendants.;

2.     Plaintiff has demonstrated for purposes of entering a temporary restraining order relief under Fed. R. Civ. P. 65(b) that it has a strong likelihood of prevailing on claims that the above-referenced misappropriation of Plaintiff's information technology infrastructure and the

trade secrets and confidential business information contained therein, as well as the false statements attributing the experience, expertise and investigative tools of Plaintiff to Defendants, at least violate  the Defend Trade Secrets Act, 18 U.S.C. § 1836(b),  the false advertising prohibitions of Section 25(a) of the Lanham Act, 25 U.S.C.  § 1125(a)(1)(B), and New York common law of conversion and trespass to chattels;

3.     Plaintiff has no adequate remedy at law and will suffer irreparable injury absent an injunction because: (i) trade secrets, once disclosed or used to compete, lose their confidentiality and thus valuet; (ii) the ongoing false claims attributing the experience, expertise and investigative tools of Plaintiff as those of Defendants has and will continue to confuse clients and the marketplace and damaging Plaintiff's  relationship and the goodwill with its clients and prospective clients; (iii) the misappropriation of Plaintiff's domain and information technology infrastructure, which has denied Plaintiff access to its own email and communication systems with clients and partners has caused irreparable harm to the goodwill of Plaintiff in the marketplace and its relationship with its clients; and (iv) it will be difficult to measure the full amount of damages, if not restrained, arising from Defendants' denial of access to Plaintiff's domain, email and data and customer relationship management tools, and the publication of false statements in the marketplace due to damage such interference with Plaintiff's business will cause to its  reputation and goodwill in the industry and with clients and its ability to remain in business.  ;

4.     The balance of hardships weighs strongly in favor of Plaintiff because the temporary restraining order would  prevent Defendants and those acting on their behalf, for their benefit, or in active concert or participation with them, from denying Plaintiff access and use of the domain and critical information technology infrastructure required to remain in business and from making false and misleading statements in advertising, including on a website, attributing

the experience, expertise and investigative tools of Plaintiff as their own, whereas the hardship sustained from granting the temporary restraining order would be, at most, minimal because Defendants have no legitimate interest in engaging in such conduct;

5.      A temporary restraining order is in the public interest because it will restore Plaintiff's access to its information technology infrastructure, including its domain and access to its confidential business information and trade secrets and the means to communicate with clients, and also prevent Defendants false statements attributing Plaintiff's experience, expertise and investigative tools as their own, thereby limiting client confusion and facilitating the provision of client work pending resolution of a motion for a preliminary injunction;;

6.      Granting the temporary injunctive relief sought herein will protect Plaintiff's legitimate business interests, while only preventing Defendants from doing what they are not permitted to do;

7.      That Defendants shall appear to show cause before this Court on the ___ day of July, 2023, at _____ or as soon thereafter as counsel may be heard, why an Order pursuant to Rule 65(a) of the Federal Rules of Civil Procedure should not be issued in this action enjoining the Defendants and further ordering as follows:

   a.   That Defendants return to Plaintiff's ownership and administrative control all of Plaintiff's information technology infrastructure and systems and accounts, including but not limited to the domain name cipherblade.com, Plaintiff's Google Workspaces account (including Plaintiff's work email account), Plaintiff's customer relationship management software platforms Lawmatics and Freshdesk, and the hosting account and content management system associated with Plaintiff's website, and Defendants shall not retain access or

administrative control or a copy of such returned infrastructure, systems and accounts or the information contained therein. ;

b.  That Defendants cease onboarding and transferring Plaintiff's clients to Defendant in connection with false statements attributing Plaintiff's expertise, experience and investigative tools as their own and Defendants shall cease making false statements that misrepresent either their or Plaintiff's expertise, experience and investigative tools;

c.  That Defendants cease using and not disclose to any third party CipherBlade confidential information and trade secrets obtained by converting control of Plaintiff CipherBlade LLC's cipherblade.com domain, its IT infrastructure and operations platforms (including Google Workspace), its customer relationship management software (Lawmatics and Freshdesk) or otherwise, including but not limited to customer data and customer leads, customer contracts and the terms of such retentions, and investigative protocols, results and work product.

d.  That Defendants return all property, in any form, taken by Defendants from Plaintiff, including confidential information and trade secrets, and to return all customers that were customers of Plaintiff and were converted to Defendants after Defendants took control of Plaintiff's information technology infrastructure, systems and accounts identified above in paragraph 7(a);

e.  That an order of attachment issue preventing the disposition or transfer by Defendants of monetary funds or cryptocurrency received by Defendants from Plaintiffs accounts in 2022 and 2023;

f.  That Defendants and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them, shall preserve and maintain and not destroy, damage, or alter in any way, all information referring or in any way relating to the subject matter of this case, Plaintiff's trade secrets or confidential information, or any matters arising from or relating to the matters referenced in the Complaint, including but not limited to, any of Plaintiff's property, information, or materials of any kind, including such information residing on Defendants' personal computer(s) and any and all electronic devices and accounts, including, but not limited to, computers, hard disk drives, floppy disk drives, removable storage devices (e.g., thumb drives), CDs, DVDs, cell phones, smart phones, iPads, tablets, cloud storage accounts, email accounts, instant messages, and/or all other similar electronic storage devices and accounts belonging to, under control of, accessible to, or operated by Defendants. Defendants shall also preserve, and not destroy, damage, or alter in any way, all e-mails in any and all of Defendants' email accounts, including, but not limited to, their personal accounts, which refer to, relate to and/or contain Plaintiff's information of any kind;

g.  That on or before _____ _____, Plaintiff shall file and serve as provided herein a supplemental brief and supplemental support, if any, in support of a motion for preliminary injunction;

h.  That Defendants shall serve and file their papers in opposition to Plaintiff's motion for preliminary injunction, if any, with a copy by e-mail to all counsel of record, on or before _____;

    i.   That Plaintiff shall serve and file their reply papers in further support of their motion for a preliminary injunction, if any, and serve such papers as provided herein on or before _____._____.;

    j.   That a preliminary injunction hearing shall be held before this Court in Courtroom _____on _____ 2023 beginning at _____ a.m/p.m.

8.    That pending the hearing and determination by the Court on the within order to show cause and preliminary injunction, and until further order of the Court, Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, be and hereby are: TEMPORARILY ENJOINED AND RESTRAINED AND FURTHER ORDERED pursuant to Rule 65(b) of the Federal Rules of Civil Procedures as follows:

    a.   That Defendants return to Plaintiff the credentials to access and obtain ownership and control over the domain cipherblade.com, Plaintiff's Google Workspaces account (including Plaintiff's business email accounts), Plaintiff's customer relationship management software platforms Lawmatics and Freshdesk, and the hosting and content management accounts associated with Plaintiff's website;

    b.   That Defendants cease using, disclosing or transferring to a third party any proprietary confidential information and trade secrets on or from Plaintiff's information technology infrastructure, including the accounts and systems to which access and control shall be returned under paragraph 8(a) above, including but not limited to confidential information about clients, client leads and matters stored on the Lawmatics and Freshdesk customer relationship management software platforms.;

7

c. That Defendants cease making false statements in advertising, including on a website or in communications to clients and prospective clients that misrepresents the experience, expertise or investigative tools of Plaintiff or any of its representatives, including Richard Sanders and Paul Sibenik, as their own experience, expertise or investigative tools;

d. That Defendants and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them, shall preserve and maintain and not destroy, damage, or alter in any way, all information referring or in any way relating to the subject matter of this case, Plaintiff's trade secrets or confidential information, or any matters arising from or relating to the matters referenced in the Complaint, including but not limited to, any of Plaintiff's property, information, or materials of any kind, including such information residing on Defendants' personal computer(s) and any and all electronic devices and accounts, including, but not limited to, computers, hard disk drives, floppy disk drives, removable storage devices (e.g., thumb drives), CDs, DVDs, cell phones, smart phones, iPads, tablets, cloud storage accounts, email accounts, instant messages, and/or all other similar electronic storage devices and accounts belonging to, under control of, accessible to, or operated by Defendants. Defendants shall also preserve, and not destroy, damage, or alter in any way, all e-mails in any and all of Defendants' email accounts, including, but not limited to, their personal accounts, which refer to, relate to and/or contain Plaintiffs' information of any kind.

9.      That the TRO shall terminate fourteen (14) days after its entry, subject to the Court's decision on Plaintiff's request for a preliminary injunction, if any, or unless extended for a like period for good cause or as otherwise ordered by the Court.

10.     That Plaintiff shall post security or a surety bond in a form approved by the Court in the sum of five thousand dollars ($5,000) to secure the payment of such costs and damages as may be incurred or suffered by Defendants if it is later determined that they have been wrongfully enjoined or restrained by the TRO.

11.     That Defendants shall provide expedited discovery concerning (i) Defendants obtaining control of Plaintiff's information technology infrastructure, systems and accounts; (ii) Defendants use of such information technology, infrastructure, systems and accounts including the use or disclosure of proprietary client, matter and pricing and investigative information on such infrastructure, systems and accounts; (iii) Defendants statements to clients, client leads or others about Plaintiff and its representatives and statements about the expertise, experience and investigative tools available to Plaintiff and its representatives or to Defendants, or the services of Plaintiff or Defendants; (iv) monies, cryptocurrencies or other assets transferred from any of Plaintiffs accounts, including its Wise accounts, by any Defendant or to any Defendant or an entity controlled by a Defendant and the location of any such monies, cryptocurrencies or other assets; and (v) any CipherBlade trademark registration, including a U.S. registration dated July 2022 (the "Trademark"), and any agreements related thereto, the ownership of such trademark, the control of any entity purporting to own, license or assign the Trademark and the basis and authority for any such license, assignment or license termination and performance of such license, assignment or license termination.   On these five topics, Plaintiff may serve up to (i) one Rule 30(b)(6) deposition notice for each organizational Defendant and an individual Rule 30(b)(1) notice on each

individual defendant to appear on ten (10) days' notice in person or by video conference; (ii) ten document requests directed to each Defendant under Rule 34 to be responded to on seven (7) days' notice, and (iii) ten (10) interrogatories directed to each Defendant under Rule 33 to be responded to on seven (7) days' notice. This Order relating to expedited discovery is without prejudice to Plaintiffs' right to conduct additional discovery proceedings in accordance with the procedures of the Federal Rules of Civil Procedure, Local Civil Rules of this Court, and in accordance with the scheduling orders of the Court;

12.    That there is good cause to permit notice of the instant Order, and the following means of service are authorized by law, satisfy Due Process, satisfy Fed. R. Civ. Pro. 4(f)(3), and are reasonably calculated to notify Defendants of the instant order, the temporary restraining order hearing, and of this action. For Defendant CipherBlade, LLC, an Alaska Limited Liability Corporation and Defendant Justin Maile, email service on their counsel, Ashley Giannetti, Esq. at Hardin Thompson PC (agiannetti@hardinlawpc.net), (2) for any other defendant represented by counsel, email service on such counsel, (3) for Defendants Manuel Kriz, Michael Krause, Jorn Henrik Bernhard Janssen, Sergio Garcia, Ioana Vidrasan, and Jussi Aittola email service at their regularly used cipherblade.com email addresses as well as via their regularly used accounts on the Telegram and Signal messaging applications, (4) for Defendant Paul Marnitz, via his regularly used account on the Signal messaging application, or (5) for other Defendants, service may be accomplished by (i) personal delivery through the Hague Convention on Service Abroad, or other treaties, upon Defendants who provided contact information outside the United States; (ii) by transmission by e-mail, electronic messaging addresses, facsimile, and mail to the known email and messaging addresses of Defendants, including the contact information provided by Defendants

to the domain registrars, registries, data centers, Internet hosting providers, and website providers

that host the domain cipherblade.com or with which cipherblade.com is currently registered.

**IT IS SO ORDERED** on this _____ day of July, 2023, at _____ am/pm.


_____

THE HONORABLE ALVIN K. HELLERSTEIN

UNITED STATES DISTRICT COURT JUDGE