**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CIPHERBLADE, LLC, a Pennsylvania Limited Liability Corporation, | Case No. 1:23-cv-05671-AKH |
| PLAINTIFF, | |
| v. | |
| CIPHERBLADE, LLC, an Alaska Limited Liability Corporation, MANUEL KRIZ, MICHAEL KRAUSE, JORN HENRIK BERNHARD JANSSEN, SERGIO GARCIA, JUSTIN MAILE, IOANA VIDRASAN, | |
| and | |
| CIPHERBLADE APAC PTE LTD, a Singapore limited company, JUSSI AITTOLA, | |
| and | |
| OMEGA3ZONE GLOBAL LTD, a Cyprus limited company, PAUL MARNITZ, | |
| and | |
| INQUISITA SOLUTIONS LTD., a Cyprus limited company, | |
| and | |
| GREEN STONE BUSINESS ADVISORY FZ LLC, a United Arab Emirates Limited Liability Corporation. | |
| DEFENDANTS. | |

**DECLARATION OF RICHARD SANDERS IN SUPPORT OF APPLICATION FOR A TEMPORARY RESTRAINING ORDER, PRESERVATION ORDER, EXPEDITED DISCOVERY, AN ALTERNATIVE SERVICE ORDER, AND AN ORDER TO SHOW CAUSE SCHEDULING PRELIMINARY INJUNCTION MOTION**

I, Richard Sanders, declare as follows:

1

1. I am over eighteen years old.

2. I am the co-founder of CipherBlade in the United Kingdom as CipherBlade Ltd. (the "UK Entity"). I am also the owner and Principal of CipherBlade, LLC ("CipherBlade PA"). I make this declaration in support of CipherBlade PA's Application for A Temporary Restraining Order, Preservation Order, Expedited Discovery, an Alternative Service Order, and an Order to Show Cause Scheduling Preliminary Injunction Motion. I make this declaration of my own personal knowledge. If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

3. A true and correct copy of the current version of my curricula vitae is attached to this declaration as **Exhibit 1.**

4. I am personally familiar with the facts set forth below.

### I. CIPHERBLADE

#### A. The United Kingdom and Pennsylvania Entities

5. CipherBlade is a blockchain investigation company that investigates cryptocurrency-related matters, often involving cybercrime, and tracks Bitcoin and other cryptocurrency assets in many instances.

6. As a long-time investigator and combat veteran with a sense of mission, my role in CipherBlade also permits me to give back to my community. I often seek opportunities to leverage my background and investigative knowledge in blockchain forensics and cryptocurrency cybercrime investigations to serve the public good.

7. Most recently, I found that opportunity through volunteering my skills and services for the people of Ukraine. My main form of communication with my Ukrainian contacts to ensure volunteer initiatives and requests are executed, is through my CipherBlade PA work email. A

2

service as simple as email is an important gateway to facilitating the support that the Ukrainian people need.

8.  I co-founded a company on August 28, 2018, known as CipherBlade Ltd. in the United Kingdom (the "UK Entity").

9.  On February 19, 2019, I created and incorporated the company in the United States under the laws of the state of Pennsylvania as CipherBlade, LLC ("CipherBlade PA"). Attached as **Exhibit 2** is a true and correct copy of the Pennsylvania Department of State website showing the date of incorporation of CipherBlade PA.

10. The CipherBlade PA Operating Agreement, identifies me as the sole Manager for the organization. *See* a true copy of a portion of the CipherBlade, LLC Operating Agreement attached as **Exhibit 3**, hereto.

11. The business contracts, clients, and infrastructure were transferred from the UK Entity to CipherBlade PA around late February and early March of 2021.

12. CipherBlade PA's business relies on trade secrets in the form of attorney-client documentation, customer leads, customer lists, investigatory data (including confidential Chainalysis transaction and investigative graph data), and proprietary IT infrastructure. A critical part of the IT infrastructure containing our trade secrets are the Lawmatics and Freshdesk customer relationship management software platforms on which CipherBlade PA maintains critical confidential information and trade secrets on past and present customers, and customer leads, and on investigations. In addition, CipherBlade PA established a website through which clients and potential clients could gain information and reach out to myself and my team.

13. In 2019, I hired Paul Sibenik to the UK Entity. He was the Lead Case Manager and the most senior full-time investigator at the company. After being hired in 2019, I increased Mr.

Sibenik's responsibilities to include overseeing more business and operational tasks, and when I transitioned the work to CipherBlade PA in 2021, Mr. Sibenik became one of its key staff members and a contractor to the company.

14. On June 16, 2023, I appointed Mr. Sibenik as Chief Executive Officer.

15. Over the last five years, operating as both the UK entity and CipherBlade PA, we have investigated, tracked and provided consulting services on cases leading to the recovery of over $50 million, and the location of cryptocurrencies or other assets obtained through cryptocurrency transactions valued in the billions of dollars.

16. CipherBlade PA also assists federal government agencies, private companies, and individuals in investigations of financial crimes.

17. CipherBlade PA has engaged and continues to engage in activities designed to promote its services domestically and overseas.

18. As a result of this work, CipherBlade PA has developed a reputation in the industry and with the U.S. government and private entities alike as a trusted partner in these types of investigations and has garnered goodwill throughout the industry.

19. As owner and Principal of CipherBlade, it is my responsibility to manage all business operations within the organization.

20. I am the only one with signing authority for corporate assets and corporate infrastructure.

21. Manuel Kriz was hired at the UK Entity in or about May or June 2019.

22. Mr. Kriz worked as an investigator and handled back-office related items such as invoices, business leads, general company email responses, engagement agreements and other contractual items (generation thereof – not signing), and client calls. Mr. Kriz was ultimately

responsible for some finance-related duties but did not have the authority to sign any documents on my behalf or make any critical decisions for CipherBlade PA.

23. In mid-2021, Mr. Kriz told me that he was hiring an additional individual, who he represented as a "good friend of his", Mr. 'Michael Kramer', in a limited capacity as a contractor, to assist with CipherBlade PA's daily tasks. In reality, Michael Kramer's real name was Michael Krause, which I only became aware of around June 21, 2023.

24. In late 2021/early 2022, Mr. Kriz advised me that he required more assistance with his daily tasks and would be elevating Mr. Krause to a more substantial role.

25. I came to trust Mr. Krause and gave him additional, limited authority, upon request, to take on further back-office duties, such as handling routine transactions and routine administrative functions, including payroll and licensing payments, about which I would be made aware.

26. In late 2022, I sought to take a step back from the day-to-day operations of CipherBlade PA to volunteer in Ukraine, specifically to assist the National Police with cryptocurrency investigations.

27. As I prepared for my time in Ukraine, I recognized that I would need assistance managing administrative, business management, and accounting tasks that I typically oversaw. I granted both Messrs. Kriz and Krause limited administrative access and authority to manage CipherBlade PA's IT infrastructure. They were also authorized to retain others as needed.

28. In the leadup to my departure to Ukraine in February 2023, Mr. Kriz hired Mr. Krause's two sons, Jorn Henrik Bernhard Janssen and Paul Marnitz, as well as Ioana Vidrasan. They were to work in an assistant-like capacity.

29. These Defendants were originally personnel of CipherBlade PA and the UK Entity.

30. Shortly after my departure to Ukraine, Messrs. Kriz and Krause also subsequently hired Justin Maile in March 2023 and Jussi Aittola in April 2023. Both Mr. Maile and Mr. Aittola were former employees of Chainalysis, Inc., an important partner of CipherBlade PA.

31. I was told by Messrs. Kriz and Krause that, in order to separate different types of workflows, it would be beneficial to set up additional CipherBlade entities in Alaska and Singapore. Defendants informed me that the new entities would be affiliated with CipherBlade PA and that I would be the principal of each of these entities. However, it turns out I was not the principal of either entity.

32. Mr. Maile set up a CipherBlade LLC in Alaska ("the Alaska Entity"). A true and accurate copy of the Alaska Department of State's website entry for the Alaska Entity is attached as **Exhibit 4.** It shows that a non-defendant, Amanda Beren, is the principal there. From her corporate webpage, she appears to work for a company who specializes in setting up corporations. A true and correct copy of her web bio from www.corpnet.com is attached as **Exhibit 5.**

33. In addition, Mr. Aittola is the principal of CipherBlade APAC PTE Ltd. ("the Singapore entity.") A true and accurate copy of the corporation information is attached as **Exhibit 6**.

34. None of these personnel were given permission or authorization to convert corporate assets or corporate infrastructure. It was under these circumstances that CipherBlade PA engaged Defendants – to assist me with administrative tasks and back-end work and to assist in business continuity when I pursued my philanthropic projects.

35. On February 15, 2023, I departed from my residence in Pittsburgh, Pennsylvania and traveled to Ukraine with the expectation that Defendants would assist with CipherBlade PA's business continuity.

NYACTIVE-22848302.1

### B. Chainalysis

36. CipherBlade PA built a reputation over time that is one of value, reliability, and trustworthiness to conduct blockchain and cryptocurrency investigations.

37. Chief among the variety of tools to conduct such investigations is the relationship CipherBlade PA has with Chainalysis, Inc., a well-known and New York-based blockchain analytics and visualization company. Chainalysis created a system known as Reactor on which CipherBlade PA, and many other firms around the world, rely on to investigate cryptocurrency and digital asset transactions, as well as to document, and visualize activity on various blockchains.

38. Chainalysis is a critical part of CipherBlade PA's many investigations and is also a source of clients. CipherBlade PA is Chainalysis' primary "Certified Investigative Partner," as well as Chainalysis' top contributor of blockchain-based intelligence and data, enabling other Chainalysis users (including both law enforcement and the private sector) to better understand the nature of certain entities involved in cryptocurrency transactions. Because of this relationship and CipherBlade PA's trusted status, Chainalysis refers matters and inquiries to CipherBlade PA for investigation and also leverages CipherBlade PA's expertise to provide feedback for Chainalysis' new products and functionalities. The CipherBlade PA and Chainalysis relationship has even resulted in developing new products with them. Consequently, Chainalysis is a key business partner and relationship for CipherBlade PA. Anything that impugns the reputation of CipherBlade PA has a direct effect on the viability of the current and future relationship with Chainalysis.

39. Mr. Sibenik and I are the only personnel in CipherBlade PA to provide expert witnesses testimony for cryptocurrency investigations, including on issues related to blockchain, Bitcoin, Ethereum, and other digital assets. Long before the onboarding of Defendants as independent contractors, CipherBlade PA conducted work that garnered the attention of media

outlets resulting in press and other media appearances for both myself and Mr. Sibenik.

### C. Defendants' Improper Takeover of CipherBlade PA's Infrastructure

40. My authentic email address is rich@cipherblade.com. I use this email address to manage key infrastructure within the business, including cipherblade.com, Google Workspace, and other internal systems.

41. Immediately before I went to Ukraine, I granted the Defendants limited authority to utilize a new email address, richard@cipherblade.com, to facilitate electronic signing of routine client engagements. While I was aware of the existence of the richard@cipherblade.com email address, I did not have access to its inbox. I trusted that if the Defendants needed to use this email address beyond the limited purpose I stated, they would inform me of the reasons and request authorization prior to doing so. At no point did I grant Defendants the authority to use the richard@cipherblade.com email address to draft and send correspondence as though it was I who was the actual sender.

42. On multiple occasions, Defendants tried gaining access to my personal rich@cipherblade.com email but were unsuccessful.

43. On January 31, 2023, Defendants solicited me for access to my personal rich@cipherblade.com email, which I did not provide.

44. The Defendants also abused the access I already provided them.

45. On or around April 18, 2023, I asked that Mr. Krause send a termination notice to Mr. Kriz. Mr. Krause used the richard@cipherblade.com email to do so instead of using his own email address, which I found suspicious. Defendants did not have authority to use the richard@cipherblade.com email address account in this way. A true and accurate copy of this email

is attached as **Exhibit 7** and is reproduced in **Figure A** below (Mr. Kriz uses the alias "Matthew" and Mr. Krause uses "Michael Kramer.").



**Figure 1.**

46.     Mr. Kriz's termination was effective April 30, 2023. Upon becoming aware of the communication, I promptly raised the issue of why this communication was sent from the richard@cipherblade.com email address and not from Mr. Krause's own email. *See* Figure B below, submitted as **Exhibit 8**, which is a true and accurate copy of my correspondence on this issue, an excerpt of which is below in Figure B.



9

Figure B.

47.     Mr. Krause as seen in Figure 3 below using the handle "Doc27" assured me that "no one is trying to take advantage of anything" and explained that "if it comes from me it does not have any effect." *See* **Figure C** that accurately depicts Mr. Krause's response to Mr. Sanders' inquiry, a true and accurate copy of which is attached as **Exhibit 9**.



Figure C ("Doc27" is Defendant Michael Krause).

48.     On April 30, 2023, I followed up on the situation regarding Mr. Kriz, which Mr. Krause explained was "resolved." We now know that this was untrue and part of Defendants' scheme.

49.     Mr. Kriz continued to be involved with CipherBlade PA. I learned about this when I saw that Mr. Kriz's email account, which as part of off-boarding should have been shut down, was still accessing a CipherBlade PA Google spread sheet and Google drive. Mr. Kriz also engaged on CipherBlade PA's internal channels to chat with other contractors, giving the impression that he was still part of the company. *See* **Figure D** depicting an accurate screenshot of an April 30, 2023 message between myself and Mr. Krause whose handle in this text is "Doc27," a true and accurate copy of which is attached hereto as **Exhibit 10.**

10



**Figure D**

50. Defendants also began contacting customers and contractors, purportedly on my behalf, but without my knowledge or authorization, and attempting to re-negotiate agreements. These emails went so far as to include a *picture* of me on the signature line.

51. For example, on March 29, 2023, Defendants used the email address richard@cipherbldae.com and terminated an existing CipherBlade PA contractor agreement with Mr. Sibenik and then created a new one. Defendants sought to represent this communication as coming from me. Mr. Krause's email is copied in the communication below. *See* **Figure E** for an accurate depiction of the email referenced above sent on March 29, 2023, a true and accurate copy of which is attached as **Exhibit 11**.



NYACTIVE-22848302.1

**Figure E**

52. The Defendants also engaged in physical theft and impersonation outside of the digital world. Specifically, while abroad in Ukraine, I received a series of alerts from my home security system that indicated all of my security cameras suddenly went offline. *See* **Figures F – I** for accurate screenshots of the ADT Security Services mobile application alerts triggered on while I was in Ukraine, a true and accurate copy of which is attached hereto as **Exhibit 12**.



**Figure F**



**Figure G**

NYACTIVE-22848302.1

 

**Figure H**                                **Figure I**

53. Upon returning home, I observed that business registration-related documents, including LLC and business filings, were missing from my home. I found a U.S. Postal Service receipt for a package mailed by U.S. Mail from my home, fraudulently using my name, and credit card information without permission, to an address in Cyprus.

54. Mr. Janssen was housesitting and living in my home while I was in Ukraine. During that time when he was living there, someone took documents from my home and mailed them to Cyprus, forging my name and using my personal credit card. *See* **Figure J** below for the U.S. Postal Service Customer and Declaration and Dispatch Note on June 14, 2023 associated with the U.S. Postal Service receipt in **Figure K** below, charging my credit card without authorization, a true and accurate copy of which is attached as **Exhibit 13**.

Figure J

NYACTIVE-22848302.1



**Figure K**

55.     As written in **Figure J** above, the sender of the USPS Customs Declaration and

15

Dispatch Note is from "Richard Anthony Sanders" addressed to Defendant Paul Marnitz in Cyprus. A true and accurate copy of this is attached as **Exhibit 14**. As depicted in **Figure K** above, this package was sent on June 14, 2023, when I was still abroad in Ukraine.

### D. Defendants Took Over Account to Steal the CipherBlade.com Domain

56.  I registered the domain name cipherblade.com with the U.S.-based domain registrar, Namecheap, Inc., in 2018. Only my email address (rich@cipherblade.com) was associated with the account on Namecheap used to manage the cipherblade.com domain. That Namecheap account had two-factor authentication (2FA) implemented, meaning that Namecheap would send an additional secret code to rich@cipherblade.com that was required to access the account. The Namecheap account solely listed the registrant and owner of the domain as CipherBlade PA.

57.  I did not share access to my real email address (rich@cipherblade.com) with the Defendants, so no one other than myself was able to access the contents of my email account.

58.  On several occasions, Defendants, who while I was away had administrative access to manage email accounts, disabled my authentic rich@cipherblade.com email address. In two instances, my account was disabled then restored. At that time, I was not aware why my email account was disabled. *See* **Figure L** below, which is an accurate screenshot of the security activity associated with my work email address rich@cipherblade.com. A true and accurate copy of this is attached as **Exhibit 15**.

NYACTIVE-22848302.1



**Figure L**

59.     I discovered that the Defendants used my email address to change the contact and account ownership information of the Namecheap account that was associated with cipherblade.com from rich@cipherblade.com to billing@cipherblade.com. This occurred on June 13, 2023. A true and correct copy of the record of this change is attached as **Exhibit 16** and included below as **Figure M**.



**Figure M**

17

60. The Defendants have changed the account Namecheap account ownership details to reflect that billing@cipherblade.com is now the account owner – an email address to which I have no access. The Defendants ended up making further changes to the registrant information thereafter which they were fully able to do since my email address was no longer associated with the domain.

61. Through this critical change in account management, CipherBlade PA and I lost control of the cipherblade.com domain.

62. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 20th of July 2023, in West Mifflin, Pennsylvania.

_____
Richard Sanders