**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CIPHERBLADE, LLC, a Pennsylvania Limited Liability Corporation,

        Plaintiff,

    v.

CIPHERBLADE, LLC, an Alaska Limited Liability Corporation, MANUEL KRIZ, MICHAEL KRAUSE, JORN HENRIK BERNHARD JANSSEN, SERGIO GARCIA, JUSTIN MAILE, IOANA VIDRASAN,

and

CIPHERBLADE APAC PTE LTD, a Singapore Limited Company, JUSSI AITTOLA,

and

OMEGA3ZONE GLOBAL LTD, a Cyprus Limited Company, PAUL MARNITZ,

and

INQUISITA SOLUTIONS LTD., a Cyprus Limited Company

and

GREEN STONE BUSINESS ADVISORY FZ LLC, a United Arab Emirates Limited Liability Corporation.,

        Defendants.

Case No. 1:23-cv-05671-AKH

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

Introduction ........................................................................................................................... 1

Factual Background ............................................................................................................... 2

I.      The Parties ................................................................................................................ 2

II.     Jurisdictional Allegations ........................................................................................ 3

III.    Procedural History ................................................................................................... 4

Argument ............................................................................................................................... 4

I.      Governing Standards ................................................................................................ 4

II.     Plaintiff Cannot Demonstrate Personal Jurisdiction Over Any Defendant, Requiring
        Dismissal of Complaint in Its Entirety .................................................................... 5

        A.      Plaintiffs Do Not Allege General Personal Jurisdiction Over Any Defendant ....... 5

        B.      Plaintiff Has Failed to Plead Personal Jurisdiction as to Each Defendant and Each
                Claim ............................................................................................................ 6

        C.      Plaintiff Fails to Allege Facts Sufficient to Demonstrate Specific Personal
                Jurisdiction Over Any Defendant under New York's Long Arm Statute .............. 8

                1.      Plaintiff Fails to Allege Tortious Conduct in New York ............................... 8

                2.      Other Provisions of the New York Law Arm Statute Do Not Apply ............ 10

                3.      Exercise of Personal Jurisdiction Would Violate Due Process ..................... 13

III.    The Court Lacks Subject Matter Jurisdiction Over the Defense of Trade Secrets Act
        Claim ........................................................................................................................ 13

IV.     Venue Is Improper in This District .......................................................................... 14

V.      The Defects in the Amended Complaint Cannot Be Cured, and This Court Should Deny
        Leave to Amend Further ........................................................................................... 15

Conclusion ............................................................................................................................. 17

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
    529 F. Supp. 3d 111 (S.D.N.Y. 2021).........................................................................7

*Bensusan Rest. Corp. v. King*,
    126 F.3d 25 (2d Cir. 1997)..................................................................................8, 9

*Bensusan Rest. Corp. v. King*,
    937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997) ...................13

*Bepex Int'l, LLC v. Micron BV*,
    No. 19-CV-2997, 2023 WL 2975699 (D. Minn. Apr. 17, 2023)...........................14

*Bhutan Int'l Festival, Ltd. v. Eden Project*,
    No. 17-CV-8980 (VEC), 2018 WL 6329402 (S.D.N.Y. Dec. 3, 2018).................16

*Blakely v. Lew*,
    607 F. App'x 15 (2d Cir. 2015) .............................................................................15

*Buccellati Holding Italia SPA v. Laura Buccellati, LLC*,
    935 F. Supp. 2d 615 (S.D.N.Y. 2013)...................................................................12

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)...................................................................................5

*Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*,
    No. 14-CV-01568 JPO, 2015 WL 5091170 (S.D.N.Y. Aug. 28, 2015) ..................7

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).................................................................................................6

*Dicks v. Cooks Junction, Inc.*,
    No. 22-CV-6495 (LJL), 2023 WL 2775830 (S.D.N.Y. Apr. 4, 2023) ....................5

*Ditchik v. Baines*,
    665 F. Supp. 350 (S.D.N.Y. 1987) ....................................................................9, 10

*Floors-N-More, Inc. v. Freight Liquidators*,
    142 F. Supp. 2d 496 (S.D.N.Y. 2001).....................................................................5

*Friedman v. Bloomberg L.P.*,
    884 F.3d 83 (2d Cir. 2017).......................................................................................8

*Gulf Ins. Co. v. Glasbrenner*,
    417 F.3d 353 (2d Cir. 2005)..................................................................................15

*Hernandez v. United States*,
    939 F.3d 191 (2d Cir. 2019)....................................................................................5

*Ingraham v. Carroll*,
    90 N.Y.2d 592, 687 N.E.2d 1293 (1997)..............................................................12

*In re Libor-Based Fin. Instruments Antitrust Litig.*,
    No. 11 MDL 2262 NRB, 2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015)...................7

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013)..................................................................................13

*Loria & Weinhaus, Inc. v. H. R. Kaminsky & Sons, Inc.*,
    80 F.R.D. 494 (S.D.N.Y. 1978) .............................................................................9

*McCarthy v. Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir. 2007)..................................................................................16

*Paterno v. Laser Spine Inst.*,
    24 N.Y.3d 370, 23 N.E.3d 988 (2014)....................................................................8

*Peters v. Peters*,
    101 A.D.3d 403 (1st Dept. 2012)..........................................................................10

*Prospect Capital Corp. v. Bender*,
    No. 09 CIV. 826 (HB), 2009 WL 4907121 (S.D.N.Y. Dec. 21, 2009) ..................15

*ProV Int'l Inc. v. Lucca*,
    No. 8:19-CV-978-T-23AAS, 2019 WL 5578880 (M.D. Fla. Oct. 29, 2019) .........14

*Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*,
    657 F. Supp. 136 (E.D.N.Y. 1987) .......................................................................16

*Shenzhen OKT Lighting Co., Ltd. v. JLC-Tech LLC*,
    No. 20 CIV. 5062 (ER), 2021 WL 4443637 (S.D.N.Y. Sept. 28, 2021) ...............16

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
    750 F.3d 221 (2d Cir. 2014)....................................................................................6

*Spiegel v. Schulmann*,
    604 F.3d 72 (2d Cir. 2010)....................................................................................16

*Sunward Elecs., Inc. v. McDonald*,
    362 F.3d 17 (2d Cir. 2004)......................................................................................7

*Thomas v. Ashcroft,*
 470 F.3d 491 (2d Cir. 2006)......................................................................4

*U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.,*
 916 F.3d 143 (2d Cir. 2019)....................................................................13

*United Bank of Kuwait, PLC v. James M. Bridges, Ltd.,*
 766 F.Supp. 113 (S.D.N.Y. 1991) ...........................................................11

*Whitaker v. Am. Telecasting, Inc.,*
 261 F.3d 196 (2d Cir. 2001)...............................................................4, 5, 9

*Zaveri v. Condor Petroleum Corp.,*
 No. 08-CV-6554T, 2009 WL 2461092 (W.D.N.Y. Aug. 10, 2009).......................9, 10, 11, 12

**Statutes**

18 U.S.C. § 1837.....................................................................................14

18 U.S.C. § 1965(a)................................................................................15

28 U.S.C. § 1391(b)...........................................................................14, 15

28 U.S.C. § 1406(a)...............................................................................14

**Other Authorities**

CPLR § 302(a)(1)....................................................................................10

CPLR § 302(a)(2).............................................................................8, 9, 10

CPLR § 302(a)(3)...............................................................................11, 12

Fed. R. Civ. P. 12(b)(2).........................................................................4, 5

Fed. R. Civ. P. 12(b)(3)............................................................................5

Fed. R. Civ. P. 8(a)(1).............................................................................7

Defendants CipherBlade LLC (an Alaska Limited Liability Company, "CipherBlade AK"), Manuel Kriz, Michael Krause, Jorn Henrik Bernhard Janssen, Justin Maile, Ioana Vidrasan, CipherBlade APAC PTE Ltd. ("CipherBlade APAC"), Jussi Aittola, omega3zone Global Ltd., Paul Marnitz, Inquisita Solutions Ltd., and Green Stone Business Advisory FZ LLC (each a "Defendant" and collectively, the "Defendants")[1], by and through their undersigned counsel, respectfully submit this memorandum of law, together with the accompanying Declaration of Michael Scavelli and exhibits thereto, in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction and improper venue.

## **INTRODUCTION**

This action arose out of a dispute among various affiliates operating in the cryptocurrency investigation and recovery space under the name "CipherBlade," and involves the rights to use and control certain previously-shared assets and infrastructure.  Plaintiff has filed a nearly 60-page First Amended Complaint (the "Amended Complaint"), alleging ten distinct causes of action against thirteen different individuals and entities around the world.  Plaintiff asks the Court to enter broad injunctive relief against each Defendant, and ultimately seeks significant compensatory and exemplary damages.

But this action does *not* involve any individuals or companies that are domiciled or incorporated in New York, or any wrongful acts that are alleged to have occurred in New York. Plaintiff is not entitled to any of the relief it seeks because it has completely failed to demonstrate that this Court can exercise personal jurisdiction and venue over any of the Defendants.  Plaintiff

---

[1] This motion is made by all defendants except for Sergio Garcia.  To date, Plaintiff contends that only CipherBlade AK and Justin Maile have been served with the Amended Complaint.  The remaining defendants are subject to the Plaintiff's pending motion to allow for substituted service (ECF No. 9 at 25-26).  The Defendants make a special/limited appearance here to contest personal jurisdiction, and reserve their rights to contest service of process pending the Court's ruling on the issue.

1

has also failed to plead the Court's subject matter jurisdiction over alleged violations of the Defend Trade Secrets Act (Count 1).  For the reasons set forth herein, Defendants respectfully request that this Court dismiss the Amended Complaint in its entirety, as to all Defendants.

## **FACTUAL BACKGROUND**

While Defendants will provide a complete response to the factual allegations of the Amended Complaint at the appropriate time, below is a brief overview of the relevant allegations.

## I.    **The Parties**

CipherBlade Ltd. ("CipherBlade UK") was formed in the United Kingdom in 2018. Amended Complaint, ECF No. 7 ("Am. Compl.") ¶ 30.   The cipherblade.com domain was registered in July 2018.  *Id.* ¶ 91, Figure 9.  In 2019, a second CipherBlade entity was formed in Pennsylvania under the name CipherBlade LLC ("CipherBlade PA") by Mr. Richard Sanders who had been working with CipherBlade UK.  *Id.* ¶ 30.   Around February and March 2021, the "business contracts, clients, and infrastructure" of CipherBlade UK were "transferred" to CipherBlade PA, although Plaintiff does not allege that legal title to any of this data and infrastructure was passed to CipherBlade PA.  *Id.*  Plaintiff's original complaint acknowledged that while CipherBlade "transitioned its primary location to the state of Pennsylvania," CipherBlade UK "maintained the CipherBlade trademark" itself.  *See* Complaint, ECF No. 1 at ¶ 26.  Mr. Sanders does not now claim to own, or to have ever owned, any interest in the original CipherBlade UK entity.   Plaintiff has not alleged that CipherBlade UK ever transferred the trademark to Plaintiff, or that Plaintiff has any ownership interest in the trademark.

Manuel Kriz is an indirect shareholder of CipherBlade UK, and has been affiliated with CipherBlade UK and CipherBlade PA.  Am. Compl. ¶¶ 36, 37.  Mr. Kriz hired Michael Krause in the autumn of 2021, and together the two managed CipherBlade's "administrative, business management, and accounting tasks," had "administrative access and authority to manage

[CipherBlade's] IT infrastructure," and were authorized to hire and retain additional personnel, including Jorn Henrik Bernhard Janssen, Ioana Vidrasan, Justin Maile, and Jussi Aittola. *Id.* ¶¶ 38-44. Vidrasan and Janssen served in "assistant-like" capacities." *Id.* ¶ 43.

In 2023, two more CipherBlade entities, CipherBlade AK and CipherBlade APAC, were created by individuals affiliated with CipherBlade. *See* Am. Compl. ¶¶ 50-51. Plaintiff acknowledges that Mr. Sanders was aware of and agreed to the creation of these new entities. *See* Am. Compl. ¶ 48. Plaintiff does not allege that either of these CipherBlade entities were not authorized by the trademark holder to use the CipherBlade name. Nor does Plaintiff allege that any of the Defendants were subject to any non-compete covenants.

## II.    Jurisdictional Allegations

Plaintiff acknowledges that none of the individual Defendants are domiciled in New York; most are alleged to be domiciled in Cyprus, and the others are alleged to be domiciled in Alaska, Singapore, or Belgium. Am. Compl. ¶¶ 8-15. Plaintiff also acknowledges that none of the entity Defendants were formed in New York, nor is their principal place of business in New York; rather, they are alleged to be incorporated or located in Alaska, Singapore, Cyprus, or the United Arab Emirates. *Id.* ¶¶ 5-7, 16-17. No Defendant has been personally served in New York.

Plaintiff alleges that "Defendants are subject to personal jurisdiction in the State of New York and venue in this Court because through tortious conduct in this District they caused injury to CipherBlade PA's important business partnerships and customer relations with entities based in this District." *Id.* ¶ 21. But, as described herein, Plaintiff does not allege that any wrongful activity on the part of any of the Defendants occurred in New York, nor that any Defendant was even present in New York during the relevant time period. Instead, Plaintiff alleges that *Plaintiff* provides "services to institutions and individuals" that are based in New York, that *Plaintiff* has a relationship with an "important business partner" that is based in New York, and that *Plaintiff's*

"important business partnerships and customer relations with entities" that are based in New York were injured. *See* Am. Compl. ¶¶ 21-24. These allegations are insufficient to support the exercise of personal jurisdiction over Defendants or to establish proper venue in this District.

## III.   Procedural History

Plaintiff initiated this action by filing a verified complaint on June 30, 2023, styling the proceeding as having been brought by CipherBlade PA and CipherBlade UK. Plaintiff subsequently amended its complaint on July 18, 2023, dropping CipherBlade UK as a plaintiff and removing a number of erroneous allegations, including claims that Mr. Sanders "has [a] majority interest" in CipherBlade UK, that Defendants had "conspired to convert … [CipherBlade UK's] trademark," or that Defendants were "wrongly passing themselves off as CipherBlade." *See* Complaint ¶¶ 25, 26, 34. On July 20, 2023, Plaintiff moved for a temporary restraining order and other emergency relief. During the July 26, 2023 court conference on Plaintiff's motion, this Court set an August 2, 2023 date for Defendant to file a motion to dismiss the complaint only on jurisdictional and venue grounds, in advance of any briefing on the merits of Defendant's motion.[2]

## ARGUMENT

## I.   Governing Standards

The Federal Rules of Civil Procedure authorize motions to dismiss for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the "burden of establishing that the court has jurisdiction over [each] defendant when served with a Rule 12(b)(2) motion to dismiss." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001); *see Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006) ("In order to survive a motion to dismiss for lack of personal

---

[2] For the avoidance of doubt, Defendants make this motion without waiver to any of its defenses, including those under Rule 12(b) of the Federal Rules of Civil Procedure. Defendants intend to submit an additional motion to dismiss asserting those defenses.

jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."). Plaintiff must plead facts demonstrating that an exercise of personal jurisdiction would be consistent with the long-arm statute of the forum state and with due process limitations. *Whitaker*, 261 F.3d at 208.

When ruling on a motion to dismiss, the Court may consider only the complaint itself, along with "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "All well-pleaded facts alleged in the complaint are accepted as true for the purposes of a motion to dismiss." *Floors-N-More, Inc. v. Freight Liquidators*, 142 F. Supp. 2d 496, 498 (S.D.N.Y. 2001). However, the Court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019).

The Federal Rules of Civil Procedure also authorize motions to dismiss for "improper venue." Fed. R. Civ. P. 12(b)(3). The burden of proof lies with Plaintiff to show that venue is proper, and the Court "applies the same standard of review in Rule 12(b)(3) dismissals as Rule 12(b)(2) dismissals for lack of jurisdiction." *Dicks v. Cooks Junction, Inc.*, No. 22-CV-6495 (LJL), 2023 WL 2775830, at *3 (S.D.N.Y. Apr. 4, 2023). The Court "may examine facts outside the complaint to determine whether venue is proper." *Id.*

## II.   Plaintiff Cannot Demonstrate Personal Jurisdiction Over Any Defendant, Requiring Dismissal of Complaint in Its Entirety

The Court can and should dismiss the Amended Complaint, in its entirety, on the grounds that this Court lacks personal jurisdiction over each of the Defendants.

### A.   Plaintiffs Do Not Allege General Personal Jurisdiction Over Any Defendant

No Defendant in this action is subject to general personal jurisdiction in the State of New York, nor does Plaintiff allege otherwise. *See* Am. Compl. ¶ 21. "The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home. For a corporation, it is an

5

equivalent place, with the place of incorporation and the principal place of business being the paradigm bases." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014). This rule also applies to limited liability companies. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (limited liability company formed in Delaware and having its principal place of business in New Jersey was not subject to general jurisdiction in California). General jurisdiction may also be found where a company's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler*, 571 U.S. at 120 (cleaned up).

None of the individual Defendants are domiciled in New York, and none of the entity Defendants were formed in or maintain their principal place of business in New York. Plaintiff concedes that the various individual Defendants are domiciled in Cyprus, Singapore, Alaska, and Belgium, and that the entity Defendants were formed or are located in Alaska, Singapore, Cyprus, and the United Araba Emirates. *See* Am. Compl. ¶¶ 5-7, 8-17. Plaintiff does not allege that any entity has "continuous and systematic" contacts with New York which would "render it essentially at home" in New York. *Daimler*, 571 U.S. at 120. Nor has any Defendant been personally served in New York. At the time of this Motion, Plaintiffs purport to have served two Defendants (CipherBlade AK and Mr. Maile).

### B.    Plaintiff Has Failed to Plead Personal Jurisdiction as to Each Defendant and Each Claim

The Amended Complaint fails to clearly plead specific jurisdiction as to each Defendant and each count. Instead, Plaintiff's sole basis for jurisdiction—that Defendants allegedly interfered with Plaintiff's business relationships with New York-based entities—impermissibly relies on "group pleading" to suggest that all of the Defendants were involved in this alleged interference. This shotgun approach has been consistently rejected by courts in this Circuit. "To allege personal jurisdiction over a defendant, group pleading is not permitted. Instead, the plaintiff

is required to establish personal jurisdiction separately over each defendant." *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021). Personal jurisdiction must also be established "with respect to *each* claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) (emphasis in original); *Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 14-CV-01568 JPO, 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) ("Specific jurisdiction renders a defendant amenable to suit only on those claims that arise from conduct related to the forum."). Finally, Federal Rule of Civil Procedure 8(a)(1) requires that a complaint must contain "a short plain statement of the grounds for the court's jurisdiction."

The Amended Complaint says little to nothing about how each of the thirteen Defendants were involved in the alleged "interference." The specific allegations concerning many of the Defendants are sparse, and the Amended Complaint does not plausibly allege how each of the Defendants (including management consulting entities and "assistant-like" personnel) even *could* have been involved in interfering with Plaintiff's business relationships. Similarly, the Complaint says little of how each of the ten counts arise from the Defendants' alleged forum activities. *See In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 4634541, at *21 (S.D.N.Y. Aug. 4, 2015), ("A plaintiff asserting specific personal jurisdiction 'must establish the court's jurisdiction with respect to *each* claim asserted.'") (emphasis in original) (quoting *Sunward Elecs., Inc. v. McDonald*, 362 F.3d at 24). Indeed, many of the counts, including misappropriation of trade secrets, computer fraud and abuse, conversion, trespass to chattel, fraud, unjust enrichment, and racketeering involve conduct entirely separate from the asserted forum activities. The Plaintiff has failed completely to demonstrate grounds for the exercise of personal jurisdiction with respect to those unrelated claims.

**C.**     **Plaintiff Fails to Allege Facts Sufficient to Demonstrate Specific Personal Jurisdiction Over Any Defendant under New York's Long Arm Statute**

The Amended Complaint also fails to allege jurisdiction under New York's long arm statute. *See Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017) (in determining whether it can exercise personal jurisdiction over a non-domiciliary, a court "must look first to the long-arm statute of the forum state.") (cleaned up).  New York's long arm statute provides that a court may exercise personal jurisdiction over a non-domiciliary who (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state," (2) "commits a tortious act within the state," (3) subject to certain limitations, "commits a tortious act without the state causing injury to person or property within the state," or (4) "owns, uses or possesses any real property situated within the state."  NY CPLR § 302(a).

The voluminous Amended Complaint does not allege a single fact that, even taken as true, would enable this Court to exercise specific personal jurisdiction over any of the Defendants, let alone each Defendant and each claim.  "[I]t is not the quantity but the quality of the contacts that matters under [New York's] long-arm jurisdiction analysis." *Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 378, 23 N.E.3d 988, 994 (2014).  Plaintiff has failed to meet its burden.

**1.**     **Plaintiff Fails to Allege Tortious Conduct in New York**

Plaintiff alleges that "Defendants are subject to personal jurisdiction in the State of New York" on the basis of "tortious conduct in this District."  Am. Compl. ¶ 21.  However, the Amended Complaint fails to allege any conduct—tortious or otherwise—that actually occurred "within the state." CPLR § 302(a)(2).  The language of CPLR § 302(a)(2) is "plain and precise and confers personal jurisdiction over non-residents when they commit acts *within* the state." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) (cleaned up).  Accordingly, the statute "reaches only tortious acts performed by a defendant who was *physically present* in New

York when he performed the wrongful act." *Id.* (emphasis added).

In *Bensusan*, the owner of the Blue Note jazz club in New York brought Lanham Act claims against the Missouri-based owner of a club by the same name. The Second Circuit upheld the dismissal of those claims on personal jurisdiction grounds, explaining that CPLR § 302(a)(2) did not apply because the allegedly unlawful use of the Blue Note name was committed by "persons physically present in Missouri and not New York." *Id.* at 29. Here, none of the relevant acts are alleged to have occurred while any of the Defendants were in New York. *See, e.g.*, *Whitaker*, 261 F.3d at 209; *Ditchik v. Baines*, 665 F. Supp. 350, 350–51 (S.D.N.Y. 1987); *Zaveri v. Condor Petroleum Corp.*, No. 08-CV-6554T, 2009 WL 2461092, at *4 (W.D.N.Y. Aug. 10, 2009). The Amended Complaint acknowledges that each of the Defendants are foreign residents, and does not contain any allegation that *any* of the thirteen Defendants were *ever* physically present in New York. Plaintiff attempts to overcome this fatal defect in two ways, both of which fail.

First, Plaintiff points to the business that Plaintiff itself allegedly conducts in New York. *See, e.g.*, Am. Compl. ¶ 21 ("New York is a critical market for the cryptocurrency investigative, recovery and related expert witness services that CipherBlade PA provides"); ¶ 22 ("CipherBlade PA provides cryptocurrency investigative and recovery services and expert testifying services to institutions and individuals based in the Southern District of New York"); ¶ 23 ("CipherBlade PA's relationship with law firms based in this District representing clients involving cryptocurrency losses is a critical source of CipherBlade PA's business"); ¶ 24 ("CipherBlade PA's most important business partner and relationship is with Chainalysis, Inc. … which is based in this District"). However, it is well-settled that "plaintiffs' activities cannot be attributed to the defendant for the purpose of establishing personal jurisdiction over the defendant." *Zaveri*, 2009 WL 2461092, at *3; *see also Loria & Weinhaus, Inc. v. H. R. Kaminsky & Sons, Inc.*, 80 F.R.D.

494, 498 (S.D.N.Y. 1978) ("[P]laintiff cannot, by virtue of its own acts in New York, bootstrap jurisdiction by imputing those acts to defendant."). Plaintiff, which is a Pennsylvania entity, cannot "bootstrap" jurisdiction over the Defendants by claiming that *Plaintiff* does business in New York.

Second, Plaintiff attempts a sleight-of-hand by arguing that Defendants have harmed their "client and partner relationships in this District." Am. Compl. ¶¶ 21, 28.[3] However, it is "well settled that the mere fact that one sustains damages in New York is not sufficient to establish in personam jurisdiction over a defendant whose alleged tortious conduct occurred outside of New York." *Ditchik v. Baines*, 665 F. Supp. at 350–51. And personal jurisdiction depends on the physical location of the *Defendants* when the alleged acts were committed and not the supposed location of a "relationship." *See, e.g., Peters v. Peters*, 101 A.D.3d 403, 404 (1st Dept. 2012) ("the allegedly wrongful disbursement of approximately $20 million was not an injury-causing event in New York, but, rather, a decision by a trustee in the Bahamas to authorize the release of funds from bank accounts in Switzerland"); *Zaveri*, 2009 WL 2461092, at *4.

Simply put, Plaintiff cannot establish jurisdiction under CPLR § 302(a)(2) because there is not a single allegation that any of the Defendants' conduct occurred in New York.

### 2. Other Provisions of the New York Law Arm Statute Do Not Apply

The Amended Complaint pleads only "tortious conduct in the District," Am. Compl. ¶ 21, but Plaintiff also cannot rely on any other provision of New York's long arm statute to establish jurisdiction. Notwithstanding the fact that these theories are unpled, they fail as a matter of law.

To establish jurisdiction under CPLR § 302(a)(1), Plaintiff must demonstrate that

---

[3] Why are these "relationships" located where the business partner is located, rather than where Plaintiff is located? Would this theory mean that Defendants would be subject to suit in other jurisdictions where Plaintiff's business partners do business? Plaintiff leaves the reader to guess.

Defendants transacted business in New York State.  The Amended Complaint may show that Plaintiff transacted business in New York, but it does not show that Defendants transacted business in New York.  For example, the court in *Zaveri v. Condor Petroleum Corp.* found that allegations that the defendant had solicited business in New York, raised capital from New York investors, hosted New York investors at an out-of-state location, and sent promotional materials to such investors, "even if true, fail[ed] to establish that [defendant] transacted any business in New York State, and certainly fail[ed] to establish that [it] engaged in systematic and continuous business in New York State." No. 08-CV-6554T, 2009 WL 2461092, at *3 (W.D.N.Y. Aug. 10, 2009) (noting that "solicitation of business alone does not constitute transacting business under New York law."). Plaintiff falls short of even the allegations that were deemed insufficient in *Zaveri*, since the Amended Complaint contains no allegations whatsoever concerning *any* business transacted by *Defendants* in New York.

Alternatively, Plaintiff must establish that Defendants "commit[ted] a tortious act without the state causing injury to person or property within the state" *and* that each Defendant "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  CPLR § 302(a)(3).  However, it is clear that Plaintiff cannot avail itself of this provision. "New York courts uniformly hold that the situs of a nonphysical, commercial injury is where the critical events associated with the dispute took place." *United Bank of Kuwait, PLC v. James M. Bridges, Ltd.*, 766 F.Supp. 113, 116 (S.D.N.Y. 1991) (collecting cases); *see also Zaveri*, 2009 WL 2461092, at *4 (where defendant was alleged to have acted in Louisiana, the alleged tort "occurred in Louisiana," and "the resulting injury as a matter

of law occurred there as well").  Accordingly, Plaintiff cannot show that any supposed *injury* occurred in New York.[4]

Nor are the other requirements of CPLR § 302(a)(3) satisfied.  There is no allegation that any of the Defendants transact any business in New York, let alone that they do so regularly.  *See Zaveri*, 2009 WL 2461092, at *4 (W.D.N.Y. Aug. 10, 2009) (where plaintiff "failed to establish that [defendant] engaged in a single transaction in New York State for purposes of establishing jurisdiction pursuant to Section 302(a)(1)," it also "failed to establish that [defendant] has engaged in regular or systematic business in New York State pursuant to Section 302(a)(3)(i).").  There is no allegation that any Defendant should have reasonably expected its alleged conduct to have directly affected New York or made any effort to serve the New York market.  *See Buccellati Holding Italia SPA v. Laura Buccellati, LLC,* 935 F. Supp. 2d 615, 626 (S.D.N.Y. 2013) ("a reasonable expectation of consequences in New York" requires that defendant "make a discernable effort to directly or indirectly serve the New York market").  And there is no allegation that any Defendant "derives substantial revenue from interstate or international commerce."  CPLR § 302(a)(3); *see Ingraham v. Carroll*, 90 N.Y.2d 592, 599, 687 N.E.2d 1293, 1296 (1997) (interstate commerce prong "requir[es] a showing that defendant was engaged in *extensive* business activities on an interstate or international level") (cleaned up, emphasis in original).

Accordingly, Plaintiff has not established any basis for the exercise of personal jurisdiction under New York's long arm statute.[5]

---

[4] *See also* July 26, 2023 Hearing Transcript, 18:12-14 ("The Court: I can tell you this. In most of these cases, the damage occurs where the company is located. And you're a Pennsylvania company. … They're not committing a tort against [a company in New York]; they're committing a tort against you.")

[5] Plaintiff also does not allege, nor can it allege, that any of the Defendants "owns, uses or possesses any real property situated within the state" as required by section 302(a)(4).

### 3.    Exercise of Personal Jurisdiction Would Violate Due Process

Additionally, exercise of personal jurisdiction here would not comport with the requirements of due process.  "First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State.  Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct.  Finally, the exercise of jurisdiction must be reasonable under the circumstances." *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019) (cleaned up).  Where specific personal jurisdiction is asserted, minimum contacts must exist between defendant and the forum state such that "defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013) (cleaned up); *see also Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 301 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997) (due process was not satisfied where plaintiff failed to allege that defendant "conducted any business—let alone a continuous and systematic part of its business—in New York").

Nothing in the pleadings suggests that Defendants purposefully availed themselves of the privilege of doing business in New York, or directed any conduct into New York.  The acts alleged in the Amended Complaint were undertaken exclusively in foreign jurisdictions and directed exclusively at a Pennsylvania entity which happens to do some of its business in New York.  *See* Am. Compl. ¶¶ 4, 22-24.  Under these circumstances, the exercise of personal jurisdiction would be inconsistent with due process.

### III.    The Court Lacks Subject Matter Jurisdiction Over the Defense of Trade Secrets Act Claim

Congress has made clear that the Defense of Trade Secrets Act applies to conduct that occurs outside the United States *only* if "(1) the offender is a natural person who is a citizen or

permanent resident alien of the United States, or an organization organized under the laws of the United States or a State or political subdivision thereof; or (2) an act in furtherance of the offense was committed in the United States."   18 U.S.C. § 1837.   The act in furtherance of the misappropriation "must be connected to the misappropriation—unrelated actions by the defendant that happen to occur in the United States will not do." *Bepex Int'l, LLC v. Micron BV*, No. 19-CV-2997 (KMM/JFD), 2023 WL 2975699, at *4 (D. Minn. Apr. 17, 2023).   Similarly, damages felt by a United States-based plaintiff "resulting from the misappropriation do not constitute part of the offense itself," and thus do not show that "an act in furtherance of the offense was committed in the United States."   *ProV Int'l Inc. v. Lucca*, No. 8:19-CV-978-T-23AAS, 2019 WL 5578880, at *3 (M.D. Fla. Oct. 29, 2019) (cleaned up).

As with personal jurisdiction, the Plaintiff bears the demonstrating that the Court has subject matter jurisdiction over any claims under the Defense of Trade Secrets Act.   In this case, most of the Defendants (*i.e.*, all except for CipherBlade AK and Mr. Maile) are located outside of the United States.   Yet Plaintiff has failed to allege that *any* of the acts underlying its Defense of Trade Secrets Act claim were actually committed in the United States.   Accordingly, Plaintiff has failed to adequately plead subject matter jurisdiction over its Defense of Trade Secrets Act claim.

## IV.   Venue Is Improper in This District

In a civil action involving foreign defendants, venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred," or "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).   If a case has been filed in an improper venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."   28 U.S.C. § 1406(a).

The Second Circuit has cautioned that courts must "take seriously the adjective 'substantial.' We are required to construe the venue statute strictly. That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (cleaned up, emphasis in original). Accordingly, "*de minimis* acts within the Southern District cannot satisfy [the] 'substantiality' requirement for venue." *Blakely v. Lew*, 607 F. App'x 15, 17 (2d Cir. 2015). Plaintiff also "bears the burden to show that venue is proper as to each defendant for each cause of action it pleads." *Prospect Capital Corp. v. Bender*, No. 09 CIV. 826 (HB), 2009 WL 4907121, at *2 (S.D.N.Y. Dec. 21, 2009).

The Amended Complaint falls well short of this requirement, consistently failing to specify which Defendant allegedly undertook which acts, or where those acts are alleged to have occurred. Plaintiff's sole theory underpinning venue is that its business partner and *some* of its customers "are based in New York, which is an important market for cryptocurrency loss investigative and related expert witness services." Am. Compl. ¶ 20. Plaintiff does not allege that *any* specific conduct occurred in the Southern District, much less "a substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(b). Plaintiff has failed to demonstrate that venue is proper in this district as to any of the Defendants or any of its clams.[6] As such, Defendants respectfully submit that the First Amended Complaint should be dismissed for improper venue.

## V. The Defects in the Amended Complaint Cannot Be Cured, and This Court Should Deny Leave to Amend Further

When dismissing a complaint, the district court has discretion whether or not to grant leave to amend, and may "deny leave for good reason, including futility, bad faith, undue delay, or undue

---

[6] Plaintiff has also failed to meet the statutory venue requirements for its federal claims. For example, a civil RICO claim is venued only where the Defendant "resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2007). Where a plaintiff has failed to state a prima facie case for personal jurisdiction, courts in this district have dismissed the complaint without leave to amend. *See, e.g.*, *Shenzhen OKT Lighting Co., Ltd. v. JLC-Tech LLC*, No. 20 CIV. 5062 (ER), 2021 WL 4443637, at *12 (S.D.N.Y. Sept. 28, 2021) ("[T]he Court finds that [plaintiff] has not sufficiently alleged that personal jurisdiction exists over [defendant] and denies leave to amend as futile."); *Bhutan Int'l Festival, Ltd. v. Eden Project*, No. 17-CV-8980 (VEC), 2018 WL 6329402, at *5 (S.D.N.Y. Dec. 3, 2018) (dismissing without leave to amend *sua sponte* where plaintiff "failed to offer even a colorable basis for personal jurisdiction."). The Second Circuit has affirmed such decisions where there is no basis to demonstrate that personal jurisdiction can be established through amendment. *See Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010).

No Defendant is subject to general personal jurisdiction in New York, and Plaintiff has not alleged any facts which would suggest that specific personal jurisdiction could be exercised over any of the Defendants, let alone all thirteen Defendants. The Amended Complaint does not allege that any of the Defendants were ever present in New York or directed any conduct into New York, that any of the Defendants transacted any business in New York, that any of the alleged conduct took place in New York, or even that Plaintiff suffered any injury in New York. Plaintiff would be unable to cure any of these fatal defects by amending its complaint for a second time. "[L]eave to amend is properly denied when the pleading, as amended, would be subject to dismissal." *Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co*., 657 F. Supp. 136, 141 (E.D.N.Y. 1987). Defendants respectfully submit that leave to amend should not be granted.

16

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety.


Dated:   August 2, 2023                          Respectfully Submitted,
         New York, New York


                                              */s/ Michael G. Scavelli*
                                              Michael G. Scavelli
                                              Evan Glassman
                                              Jason Meade

                                              Steptoe & Johnson LLP
                                              1114 Avenue of the Americas
                                              New York, NY 10036
                                              Telephone: (212) 506-3900
                                              MScavelli@steptoe.com
                                              EGlassman@steptoe.com
                                              JMeade@steptoe.com

                                              *Counsel for Defendants CipherBlade LLC, an Alaska Limited Liability Corporation, Manuel Kriz, Michael Krause, Jorn Henrik Bernhard Janssen, Justin Maile, Ioana Vidrasan, CipherBlade APAC PTE Ltd., Jussi Aittola, omega3zone Global Ltd., Paul Marnitz, Inquisita Solutions Ltd., and Green Stone Business Advisory FZ LLC*

17

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 2nd day of August, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

<u>*/s/ Michael Scavelli*</u>
Michael Scavelli